IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerome B. Banes,   ) | No. 07-243-PHX-EHC |
| Petitioner,   ) | **ORDER** |
| vs.   ) | |
| Dora B. Schriro, et al.,   ) | |
| Respondents.   ) | |

**Background**

On February 2, 2007, Petitioner filed a Petition for Writ of Habeas Corpus (Dkt. 1) pursuant to 28 U.S.C. § 2254.  On December 14, 2007, Defendants filed an Answer (Dkt. 16).  On January 7, 2008, Petitioner filed a Reply (titled "Reply to Respondent's Response/Answer to Petition for Writ of Habeas Corpus") (Dkt. 19).  Magistrate Judge Anderson issued a Report and Recommendation[1] (Dkt. 24) recommending that Petitioner's writ be denied because it is untimely, and alternatively, because his claims are procedurally barred.  Petitioner filed an Objection (titled "Motion Objecting to the Magistrate Judge Report and Recommendation") (Dkt. 25).

**Standard**

---

[1] The dates on pages 1 (line 20) and 12 (line 17) of the Report and Recommendation should be changed from September 25, 2004 and May 1, 2007 to September 25, 1994 and May 1, 1997, respectively.

1  The Court reviews *de novo* the portions of the Magistrate Judge's Report and
2  Recommendation to which Petitioner has filed an objection. 28 U.S.C. § 636(b)(1)(C)("a
3  judge of the court shall make a de novo determination of those portions of the report, ...,
4  to which objection is made."); see also United States v. Reyna-Tapia, 328 F.3d 1114,
5  1121 (9th Cir. 2003). The district court is not required to review any issue that is not the
6  subject of an objection. Schmidt v. Johnstone, 263 F. Supp. 2d 1219 (D. Ariz. 2003),
7  citing Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court has reviewed *de novo* the
8  entire record in this matter.

**Equitable Tolling**

In order to have the Antiterrorism and Effective Death Penalty Act's ("AEDPA")
statute of limitations equitably tolled, Petitioner must prove that he has been diligently
pursuing his rights and that some extraordinary circumstance prevented him from filing a
timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner bears the
burden of showing that he is entitled to equitable tolling. Espinoza-Matthews v.
California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Petitioner has not sustained his burden. First, the record demonstrates that
Petitioner's alleged mental illness did not prevent him from timely filing his Writ of
Habeas Corpus. As Judge Anderson noted, "Petitioner's ability to file numerous
pleadings with the state court shortly after the AEDPA limitations period commenced and
after the limitations period expired, illustrates that he could have prepared and filed a
federal habeas petition during this same period." (Dkt. 24, pg. 17). In addition, while
equitable tolling may be appropriate when an inmate is deprived of his legal papers
through *no fault of his own*, Petitioner voluntarily entrusted his documents to other
inmates for safe-keeping, despite knowing the risks associated with doing so. *Cf.* Lott v.
Mueller, 304 F.3d 918 (9th Cir. 2002) (finding that petitioner was deprived of his legal

1 documents while away from prison, and thus was entitled to equitable tolling).[2]  Finally,
2 Petitioner's illiteracy and lack of legal knowledge do not create extraordinary
3 circumstances warranting equitable tolling.  See Marsh v. Soares, 223 F.3d 1217, 1220
4 (10th Cir. 2000) (finding that ignorance of the law for *pro se* petitioner did not excuse
5 prompt filing); Allen v. Lewis,  255 F.3d 798, 801 (9th Cir. 2001) ("If limited resources,
6 lack of legal knowledge, and the difficulties of prison life were an excuse for not
7 complying with the limitation period, the AEDPA's limitation period would be
8 meaningless since virtually all incarcerated prisoners have the same problems in
9 common."); Hughes v. Idaho State Bd. Of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)
10 (holding that *pro se* petitioner's illiteracy was not sufficient to establish cause).  Thus,
11 Petitioner is not entitled to equitable tolling.

12 **Procedural Bar**

13 Petitioner further objects to Judge Anderson's determination that his ineffective
14 assistance of counsel and due process claims are procedurally barred.  (Dkt. 25, pg. 5).
15 Having failed to exhaust these claims in the state courts, federal habeas review is barred
16 absent a showing of "cause or prejudice" or a "fundamental miscarriage of justice."  (Dkt.
17 24, pg. 25); see Dretke v. Haley, 541 U.S. 386, 393-94 (2004).  As discussed at length by
18 Judge Anderson, Petitioner has not established cause or prejudice for his procedural
19 default and the record does not support a conclusion that failure to consider Petitioner's
20 defaulted claims will result in a fundamental miscarriage of justice.

21 Accordingly,

22 **IT IS ORDERED** adopting in full the Magistrate Judge's Report and
23 Recommendation (Dkt. 24).

---

25 [2]While Petitioner may not have been able to communicate with these other inmates due to transfers or lock-downs, these routine events are parts of prison life that Petitioner was
26 aware might impact the filing of his petition.  See Atkins v. Harris, 1999 WL 13719, *2
27 (N.D.Cal. 1999) (finding that lock-downs and transfers of prisoners do not constitute extraordinary circumstances, and prisoners familiar with prison life must take such situations
28 into account).

1  **IT IS FURTHER ORDERED** that Petitioner's Writ of Habeas Corpus pursuant
2  to 28 U.S.C. § 2254 (Dkt. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.
3  DATED this 27th day of June, 2008.

*Earl H Carroll*
Earl H. Carroll
United States District Judge